1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   CAROL MILLER,
                                             NO. CIV. S-05-887 LKK/DAD
12
              Plaintiff,
13
         v.                                  O R D E R
14
     LIFESTYLES SENIOR HOUSING
15   MANAGERS dba OAK KNOLL
     SENIOR LIVING, LLC; and
16   MICHAEL RUGGLES,

17            Defendants.
     _____/
18

19       This matter is before the court on defendant Lifestyles Senior

20   Housing Manager's ("defendant") notice of removal predicated upon

21   this court's diversity jurisdiction.  See 28 U.S.C. § 1332.  This

22   court has an independent duty to ascertain its jurisdiction, and

23   may remand sua sponte for lack of subject matter jurisdiction.  See

24   28 U.S.C. § 1447(c); Libhart v. Santa Monica Dairy Co., 592 F.2d

25   1062, 1065 (9th Cir. 1979).  In issues pertaining to removal, the

26   defendant bears the burden of establishing this court's

                                    1

1  jurisdiction.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

2  (9th Cir. 1988).  Below, I explain why defendant has failed to meet

3  this burden.

4      Diversity jurisdiction requires complete diversity of

5  citizenship among the parties, as well as a minimum amount in

6  controversy of more than $75,000.  See id.  While it appears that

7  diversity of citizenship may be satisfied, defendant has not met

8  its burden in demonstrating that the amount in controversy exceeds

9  $75,000.  Where the jurisdictional amount cannot be ascertained

10 from the allegations of the complaint, the burden is on the

11 defendant to prove the minimum jurisdictional amount by a

12 preponderance of the evidence.  See Sanchez v. Monumental Life Ins.

13 Co., 95 F.3d 856, 860 (9th Cir. 1996).

14     Plaintiff filed suit against defendants alleging fraudulent

15 inducement/intentional misrepresentation, negligent

16 misrepresentation, violation of California Labor Code § 1102.5, and

17 wrongful termination in violation of public policy.  Plaintiff does

18 not assign any numerical value to damages she is seeking in her

19 prayer for relief.  She alleges only that her salary was $62,500

20 per year for the first 90 days of employment and was to be

21 increased to $65,000 plus an annual bonus of $12,000 after

22 satisfactory performance during the 90 day period.  Complaint at

23 ¶¶ 12-13.  Defendant's removal petition completely fails to address

24 the amount in controversy requirement.  At best, defendant is

25 speculating that the damages sought meets the statutory

26 requirement.  Defendant provides no explanation or evidence in

1  support of this speculation.  "A speculative argument regarding the

2  potential value of the award is insufficient."  <u>Conrad Assoc. v.</u>

3  <u>Hartford Accident & Indemnity Co.</u>, 994 F.Supp. 1996, 1198 (N.D.

4  Cal. 1998)(citing <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir.

5  1992)).  "Because the 'removal statutes are strictly construed

6  against removal,' <u>Libhart</u>, 592 F.2d 1062, 1064 (9th Cir. 1979),

7  generally speaking doubts about removal must be resolved in favor

8  of remand."  <u>Dodd v. John Hancock Life Ins. Co.</u>, 688 F.Supp. 564,

9  566 (E.D. Cal. 1988); <u>see also</u> 28 U.S.C. § 1447(c).  Because

10 defendant has not established the requisite amount in controversy

11 in the instant case, the court lacks subject matter jurisdiction

12 and must remand the case.  <u>Id</u>.

13      For the foregoing reasons, the court hereby ORDERS the above-

14 captioned case REMANDED to the Superior Court of the State of

15 California in and for the County of Butte.

16      IT IS SO ORDERED.

17      DATED:  June 13, 2005.

18                                    /s/Lawrence K. Karlton
                                      LAWRENCE K. KARLTON
19                                    SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT
20

21

22

23

24

25

26